IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | ) Case No.: 18-21983 CMB |
| | ) |
| Shanni Sue Snyder, | ) Chapter 7 |
| | ) |
| Debtor. | ) Document No.: _____ |
| | ) |
| Charles O. Zebley, Jr., | ) |
| | ) |
| Trustee/Movant, | ) |
| | ) |
| vs. | ) |
| | ) |
| Shanni Sue Snyder, | ) |
| | ) |
| Debtor/Respondent. | ) |

<u>Trustee's Motion to Approve Settlement of the Exemption of Debtor's Assets</u>

The Trustee, Charles O. Zebley, Jr., through his attorneys, Zebley Mehalov & White, files the within Motion to Approve Settlement in this matter, representing as follows:

1. Debtor Shanni Sue Snyder filed a pro se chapter 7 bankruptcy on May 15, 2018.

2. Movant Charles O. Zebley Jr. serves as the Chapter 7 Trustee for this case.

3. Based on Debtor's schedules and testimony at the meeting of creditors, Trustee Zebley closed the meeting and filed a report of no distribution.

4. The case closed on July 31, 2019.

5. On April 27, 2022, Debtor filed an involuntary bankruptcy against U Lock, Inc. at case number 22-20823 GLT.

6. On June 2, 2022, Judge Taddonio held a hearing on a motion to dismiss the petition for an involuntary bankruptcy. During that hearing it came out that the basis of Debtor's standing to file the petition was an undisclosed claim she held prior to her own bankruptcy.

7. Debtor conceded that she had omitted this claim from her schedule of assets due to her lack of knowledge as a *pro se debtor*.

8. At Trustee Zebley's request, on July 7, 2022, the court re-opened this case.

9. On July 28, 2022, Debtor filed an amended Schedule B.

10. On August 12, 2022, Debtor appeared for her meeting of creditors.

11. The asset in question, as described in Debtor's amended Schedule B, is as follows:

    United States District Court Western District of Pennsylvania
    **Case 2:21-cv-994**
    Snyder v. U Lock

    Wage violations for unpaid services/work done. This was not included on the schedules because I did not consider it income or a debt at the time, just a promise that when a mortgage was given on the U Lock property I would be paid. I learned from the United States Department of Labor Wage & Hour division that people must be given minimum wage regardless of the circumstances. While U Lock testified in certain proceedings that I worked for "sisterly love," corporations do not pay love, they must pay wage.

    This judgment is based on 1,506 days at $87.72 per day. 865 of these days belong to the bankruptcy estate. 180 days post-filing may be owed to the bankruptcy estate. Finally, there is no basis for any claim by the bankruptcy estate for the debt from November 15, 2018, through February 15, 2022, consisting of 461 days. The total judgment is $262,700 and its pro-rate ownership is identified herein.

12. This led to Debtor's filing a proof of claim in the U Lock bankruptcy for $263,100. Because of Debtor's bankruptcy this claim also belongs to Debtor's bankruptcy estate.

13. In Debtor's bankruptcy the claims bar date has passed. The filed claims total $27,476. If the Trustee pays the claims 100%, the Trustee's commission and expenses should not exceed $4,000. (If this case settles routinely under this proposal Trustee Zebley can forgo any attorney fees). That totals $31,476.

14. Trustee Zebley and Debtor have reached this settlement:

    (a) Trustee Zebley will receive the first $32,500 distributed to Debtor in the U Lock bankruptcy at case number 22-20823.

    (b) Debtor has standing to pursue all claims and objections she has against U Lock, and any claims and objections she acquires from the U Lock estate. Trustee Slone and/or U Lock,. Including all rights, claims, demands, actions causes of actions, and/or claims for relief including those under Chapter 5 of the Bankruptcy Code and non-bankruptcy law claims that may be asserted by the Trustee, the U Lock estate, or U Lock Inc., with the exceptions of case held by

the Trustee and the estate's possible claim against George Snyder for actions under Sections 546 and 547 of the Bankruptcy. Trustee Zebley will not interfere in the pursuit of any of these claims. Debtor will cooperate fully to enable Trustee Zebley to collect the first $32,500 distributed to Debtor in the U Lock bankruptcy.

    (c)    Debtor will not exempt any of the $32,500.

    (d)    Trustee Zebley will pay any surplus to Debtor.

    (e)    Trustee Zebley abandons all of Debtor's remaining assets, including the Judgment and any amount of the U.S. District Court Judgment except for the first $32,500 payable to Debtor in the U Lock bankruptcy.

    (f)    Trustee Zebley, the Debtor and all parties in interest reserve their right to object to all or any portion of the Claim No. 1 files by John Biros in the amount of $5,158.00 in the Snyder Bankruptcy Case. Debtor Further agrees she will not object to Claim No. 2, Greensburg Central Catholic Junior-Senior High School in the amount of $22,318.00.

15. In Trustee Zebley's view, the claim against U Lock is the only valuable asset Debtor possesses.

16. Given the amount of the claims in Debtor's case and Debtor's waiving her exemption, the settlement avoids litigating over the allocation of Debtor's U Lock claim.

17. The settlement also avoids counsel fees over any of Debtor's other supposed assets.

18. In proposing this settlement Trustee Zebley has considered the standards of *In re. Martin 91* F.3d 389 (3rd Circ 1995).

19. The Trustee believes this settlement is in the best interests of Debtor's creditors and the expeditious administration of this estate.

WHEREFORE, Trustee requests that the court approve the proposed settlement.

                                          Respectfully submitted,

                                          ZEBLEY MEHALOV & WHITE, P.C.

Dated: December 8, 2022                   BY /s/ Charles O. Zebley, Jr.
                                                        Charles O. Zebley, Jr., Esquire
                                                        PA I.D. No.: 28980
                                                        Zebley Mehalov & White, P.C.
                                                        P.O. Box 2124
                                                        Uniontown, PA 15401
                                                        (724) 439-9200
                                                        Email: COZ@Zeblaw.com