FILED
12/29/2022 3:10 PM
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | ) | Case 18-21983-CMB |
| | ) | |
| SHANNI SUE SNYDER, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| ———————————————— | ) | |

**REPLY TO THE RESPONSE OF NON-PARTY CHRISTINE BIROS TO THE TRUSTEE'S MOTION TO APPROVE SETTLEMENT OF THE EXEMPTION OF DEBTOR'S ASSETS**

Debtor Shanni Snyder ("Snyder") replies to the response of non-party Christine Biros ("Biros") to the Trustee's Motion to Approve Settlement of the Exemption of Debtors Assets:

1. First, Biros is not a party to these proceedings. While her brother filed a proof of claim, she has not. She participated in the creditors meeting deposing Snyder, received notice of the proceedings, and received verbal notice from the trustee of the claims deadline during the creditors meeting and written notice. However, she filed no proof of claim.

2. Second, Biros lacks constitutional and prudential standing to oppose the settlement. The settlement does not affect her considering she is not a creditor. While Biros alludes to some post-bankruptcy ability to seek damages or some unknown Rule 9011 violation, the settlement cannot affect those rights in any way. *See In re Refco Inc.*, No. 06-cv-5596, 2006 WL 3409088 at *2, *6 (S.D.N.Y. Nov. 16, 2006), aff'd, 505 F.3d 109 (2d Cir. 2007)(holding that "interest holders in and, perhaps, creditors of the non-debtor parties to the settlement" lacked standing to object to the settlement under Bankruptcy Rule

9019). The settlement does nothing to harm the defenses that Biros may have to any lawsuit.

3. Third, Biros improperly complains of an omission on Snyder's original schedules and states it divests her and the trustee of standing to pursue assets. However, Snyder filed amended schedules and the assets are listed thereon. Biros did not object when the Trustee suggested that Amended Schedules be filed. Biros participated in the creditors meeting based on those Amended Schedules. Biros never objected to the Amended Schedules. At no time did Biros raise any objection to the procedure. Therefore, Biros cannot claim that Snyder waived some claim or property right by an omission on the original schedules when they have since been amended. Even if they did, any defense of waiver can be raised by Biros in whatever action she believes will be filed against her. Moreover, as the wage claim encompasses both pre-bankruptcy and post-bankruptcy wages, any alleged waiver would only apply to the pre-bankruptcy wages. Therefore, the settlement provides a windfall to the Estate as it would be paid from any recovery regardless of whether the wages are pre-bankruptcy or post-bankruptcy.

4. Fourth, Biros misrepresents that Snyder is requesting some "exemption" under the Bankruptcy Code. The position of Snyder and the Trustee is that Snyder maintains a judgment against U Lock Inc. for unpaid wages. Some of the wages fall within the pre-petition bankruptcy estate, which are rightfully controlled by the Trustee. Other wages encompassed in the judgment are owned exclusively by

Snyder because they occurred after the filing of the bankruptcy petition. 11 USC 541(a)(6)("except such as are earnings from services performed by an individual debtor after the commencement of the case").

5. Fifth, Biros misunderstands the basis of Snyder's wage claim against U Lock Inc. U Lock never "employed" Snyder in the manner a normal company pays their employees– it never paid her and provided no income to her. This is why Snyder listed no income from U Lock on her "Current Income" schedule. "Current Income" implies a salary would be routinely paid. As U Lock testified to in prior proceedings, they believed they could pay "sisterly love." Snyder learned that the Fair Labor Standards Act had a different definition of employment, that it was broad and sweeping and covered all work, and that a corporation cannot pay "sisterly love." Snyder only learned this when she had an interaction with a federal agent with the Department of Labor's Wage Division long after the dismissal of the bankruptcy.

6. Sixth, Biros wants Snyder and the Trustee to sue the insiders of U Lock for wage violations. The insiders of U Lock are George Snyder, Kash Snyder, Biros herself, and her brother John Biros. Snyder did not know she could sue individuals for their actions on behalf of the corporation until Hon. Bankruptcy Judge Taddonio told her in a written Order. Snyder consents to the Trustee suing Biros, Biros' brother John, George Snyder, and Kash Snyder under any theory that can assist in recovery of funds owed for these wage violations. If Snyder can sue those insiders, she is willing to as well. Regardless,

the fact that Snyder sued only the corporation which had assets that Biros was depleting through creditor preferences does not invalidate the claim.

7. Seventh, there exists no Rule 1007 issue in this case. 11 USC 541(a)(5) gives the Estate ownership of certain assets acquired within 180 days of the bankruptcy filing. However, 11 USC 541(a)(6) exempts wages and earnings from periods post-bankruptcy filing. Regardless, the schedules were amended and they list the claim.

8. Eighth, the Trustee has no obligation to account for "late-filed" imaginary claims. Biros has no standing to argue on behalf of creditors who did file claims when she is not a creditor herself.

9. Based on the above, this Court should grant the Trustee's motion.

WHEREFORE, Debtor Shanni Snyder respectfully requests that the Court grant the Trustee's Motion for Settlement.

Respectfully submitted,

*Shanni S Snyder*
Shanni Snyder

CERTIFICATE OF SERVICE

      All of the interested parties (Christine Biros and Charles Zebley, Trustee) are members of the ECF system and will receive notice upon the filing of this document.

*Shanni S Snyder*