IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | ) | Case 18-21983-CMB |
| | ) | |
| SHANNI SUE SNYDER, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| ——————————————— | ) | |
| SHANNI SNYDER, | ) | |
| | ) | |
| Movant, | ) | |
| v. | ) | |
| | ) | |
| CHARLES ZEBLEY, Trustee, | ) | |
| JOHN BIROS, CHRISTINE BIROS, | ) | |
| GREENSBURG CENTRAL | ) | |
| CATHOLIC JUNIOR SENIOR HIGH | ) | |
| SCHOOL, and UNITED STATES | ) | |
| TRUSTEE, | ) | |
| | ) | |
| Respondents. | ) | |

**EXPEDITED SECOND AMENDED MOTION PURSUANT TO 11 USC 707(a) TO DISMISS WITHOUT PREJUDICE AND TO REVOKE THE DISCHARGE**

Debtor Shanni Snyder ("Snyder") moves this Court to expedite the present motion and to, pursuant to 11 USC 707(a) to dismiss this case without prejudice and to revoke the discharge:

**parties**

1. The Movant is Shanni Snyder ("Snyder"), the debtor, an individual, with an address of 14390 Route 30; North Huntingdon, PA 15642.

**amendment**

2. Snyder is amending this motion to make it clear she is seeking dismissal subject to the settlement agreement between her and the Trustee in this case. However, if the settlement agreement is denied, she sees no logical path forward other than outright dismissal.

**expedited motion**

3. Snyder requests that this Court expedite this motion so that it can be heard on February 22, 2023, along with the other motions

4. Non-creditor parties are engaging in protracted, useless litigation regarding an Estate that is not being administered in any way, has only one valid creditor and one disputed creditor with a specious vague claim, with the ability to gain assets being contingent on other litigations that Debtor cannot and the Trustee will not prosecute.

5. Expediting the motion will allow it to be heard before or at the hearing scheduled for February 22, 2023.

**jurisdiction**

6. Jurisdiction over this matter exists pursuant to 11 USC 707(a), which allows the debtor to seek to withdraw a Chapter 7 bankruptcy without prejudice for good cause. *In re Segal*, 527 B.R. 85, 90 (Bankr. E.D.N.Y. 2015).

**discussion**

7. In 2018, faced with a debtor-creditor dispute with respect to the legality of remedies taken by Greensburg Central Catholic Junior Senior High School, Snyder filed bankruptcy to avoid harm to an innocent third-party.

8. The filing was done in a hasty manner and certain pending lawsuits were omitted from the assets. In addition, at the time of the filing, Snyder did not fully understand rights she had against a company she was providing services for but not receiving monetary payments.

9. After receiving judgment for wage violations under federal law, and placing the enterprise into bankruptcy, the Trustee in this case moved to reopen the matter because **part** of the judgment belonged to the Estate. Snyder consented to this relief, but the Clerk did not process the electronic filing promptly enough for this Court to receive it.

10. This Court granted the Order as a default.

11. This Court reopened the bankruptcy for full administration. However, only because of the language of the default Order, it did not revoke the prior discharge. Obviously, to readminister the assets, order Amended Schedules, require proofs of claim, and a new creditor meeting, etc., necessarily meant the entire case was reopened. In addition, it was clearly the intent of the Court and the Trustee to revoke the discharge, the Order just did not say so.

12. This Court cannot administer assets if the debtor has been discharged and all assets abandoned by the same.

13. At the meeting of creditors, which was not attended by a single creditor, but was attended by non-creditor Christine Biros and her team of attorneys, Snyder advised that she was not seeking a discharge.

14. Nobody suggested at that time that the discharge remained in place. It was assumed to be revoked.

15. Since the reopening, the Chapter 7 Trustee has not administered the assets listed on the Amended Schedules, except that an agreement has been entered with respect to the U Lock judgment.

16. In addition, Christine Biros – even though she lodged no proof of claim and is not a creditor – filed a motion to lift the stay and an opposition to the settlement between the Trustee and the Debtor. She has questionable standing as to the settlement objection considering that it does not affect her rights. The motion to lift the stay is moot as the underlying actions Biros complains about have been resolved.

17. In pleadings, Ms. Biros alleges that some claim against Snyder exists that she did not meet the claims deadline even though she participated in the creditors meeting, and that the Court should be concerned with it. Now it is being claimed by Biros that the original discharge was never vacated and remains in effect, creating a complicated but purposeless round of litigation that serves only the law of attrition and creating legal fees.

18. This case simply serves no purpose. It is not protecting the debtor, no discharge is being sought, it is not assisting the creditors who filed timely proofs of claim, all assets are contingent on complicated litigation – none of which the Trustee has any intent to pursue, and administration of the estate simply has not occurred.

19. All of the parties can be placed in their original positions – with no stay in place – if this Court dismisses the bankruptcy without prejudice pursuant to 11 USC 707(a) and revokes the discharge.

20. There exists no reason not to dismiss the case other than to increase litigation costs.

21. After all, there exists only two creditors, with one being brazenly fraudulent and concocted merely as some sort of placesetter, and the

other being Greensburg Central Catholic Junior Senior High School who is a sophisticated creditor that can collect on its own upon dismissal. The rest of the disputed creditors have not filed proofs of claim.

22. Finally, as non-creditor Christine Biros stated, albeit with incorrect arguments, in her filing of January 31, 2023, responding to the stay violation motion, the purportedly offending *writ of summons* and *lis pendens* has been withdrawn from the Court of Common Pleas and the *U Lock* bankruptcy court, in turn, dismissed the Quiet Title with prejudice.

23. Yet motions still exist and objections to a settlement are pending from a non-creditor.

24. The case can be dismissed subject to the settlement so if funds are recovered from Shanni Snyder's judgment against U Lock, they can be administered here. Those claims are contingent and will most probably result in a lengthy appeals process by the unsuccessful party.

25. Therefore, the best interests of the judicial economy is to return all of the parties to their original position by dismissing this bankruptcy action without prejudice, which includes revoking the discharge, subject to the settlement.

26. If this Court denies the settlement, the action can be dismissed in its totality without prejudice as there would be no way forward.

WHEREFORE, Debtor Shanni Snyder respectfully requests that the Court dismiss this bankruptcy case without prejudice and revoke the discharge.

Respectfully submitted,

*Shanni S Snyder*

Shanni Snyder

## CERTIFICATE OF SERVICE

I certify that I mailed a true copy of the foregoing to the following persons on this 31st day of January, 2023, by ordinary First Class Mail:

GREENSBURG CENTRAL CATHOLIC JUNIOR-SENIOR HIGH SCH
MOROCCO, MOROCCO & SPECHT, P.C.
315 CAVITT AVENUE
TRAFFORD, PA 15085

John Biros
3285 Jacks Run Road
White Oak, PA 15131

**Charles O. Zebley, Jr.**
P.O. Box 2124
Uniontown, PA 15401
724-439-9200
Email: COZ@Zeblaw.com

*U.S. Trustee*
**Office of the United States Trustee**
Liberty Center.
1001 Liberty Avenue, Suite 970
Pittsburgh, PA 15222

Christine Biros
Daniel McArdle Booker, Esquire
601 Grant Street, 9th Floor
Pittsburgh, PA 15219-1900

