IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: ) | Case No.: 18-21983 CMB |
| ) | |
| Shanni Sue Snyder, ) | Chapter 7 |
| ) | |
|     Debtor. ) | Document No.: _____ |
| ) | |
| Shanni Snyder, ) | Related to Document No.: 97 |
| ) | |
|     Movant, ) | |
| ) | |
|     vs. ) | |
| ) | |
| Charles Zebley, Trustee, ) | |
| John Biros, Christine Biros, Greensburg ) | |
| Central Catholic Junior Senior High ) | |
| School, and United States Trustee, ) | |
| ) | |
|     Respondents. ) | |

Trustee's Response to Debtor's Expedited Second Amended Motion
Pursuant to 11 USC 707(a) to Dismiss Without Prejudice and to Revoke the Discharge

The Respondent, Trustee Charles O. Zebley, Jr., through his counsel, Zebley Mehalov & White, files this response to Debtor's motion to dismiss her case:

1. Trustee Zebley's motion to re-open the case at Docket No. 41 details the reasons why the Trustee sought to re-open the case. Trustee incorporates the allegations of the motion for this response.

2. Debtor did not oppose the reopening of this case.

3. Trustee opposes the dismissal Debtor seeks as it interferes with the administration of this chapter 7 liquidation.

4. Debtor's contention that this bankruptcy, which she initiated, no longer benefits Debtor misses the mark. A chapter 7 bankruptcy is also to benefit a debtor's creditors as it allows an orderly liquidation of a debtor's assets, where creditors receive a pro rata distribution of their claims, rather than a "first come first served" distribution. This is true whether Debtor has a discharge or not.

5. Indeed, one test for dismissal is whether the creditors will be prejudiced.

6. Debtor has not indicated how a dismissal at this time will benefit her creditors. To the contrary she seems to say her creditors can fend for themselves.

7. Trustee Zebley and Christine Biros's counsel have resolved the objection of Christine Biros to Trustee's motion to approve the settlement, subject to Court approval.

8. Trustee Zebley negotiated this settlement with Debtor's attorney.

9. Assuming the Court approves the settlement, the Trustee will receive the first $32,500 payable on Debtor's claim in the U Lock bankruptcy.

10. As a possibility exists that the U Lock case will have a dividend for Debtor, Trustee Zebley wants to keep this case open for now.

11. Trustee Zebley may choose to participate in the U Lock case, if it will make a difference.

12. Should it appear that the U Lock case will not generate funds for Debtor's estate, the Trustee will file a report of no distribution. The case will then close.

13. To be fair, Trustee Zebley might also conclude that any U Lock distribution will take a while. In that event, Trustee Zebley may move to close this case and except the asset from abandonment. Trustee Zebley asserts that doing so now is premature.

14. Dismissal of the case might also terminate Trustee Zebley's authority to participate in other litigation. Dismissal puts the Trustee in the ambiguous role of lacking any authority, yet called on to comment in other litigation.

WHEREFORE, Trustee Zebley requests the Court deny the motion to dismiss.

Respectfully submitted,

ZEBLEY MEHALOV & WHITE, P.C.

Dated: February 10, 2023

BY /s/ Charles O. Zebley, Jr.
Charles O. Zebley, Jr., Esquire
PA I.D. No.: 28980
Zebley Mehalov & White, P.C.
P.O. Box 2124
Uniontown, PA 15401
(724) 439-9200
Email: COZ@Zeblaw.com